UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-11 (PJS/SGE)

UNITED STATES OF AMERICA,

Plaintiff,

v.

CHRISTOPHER ROBERT NELSON,

Defendant.

**GOVERNMENT'S POSITION ON SENTENCING**

The government respectfully submits its position and memorandum on sentencing as to defendant Christopher Robert Nelson. The government requests the Court impose a sentence of 300 months' imprisonment.

## OFFENSE CONDUCT

On September 9, 2023, the defendant returned to the United States from a trip to the Philippines. His passport was flagged for possible involvement in child sex trafficking, and Customs and Border Patrol conducted a border search of his phone. Agents observed several videos that appeared to be CSAM, so law enforcement seized his phone.

A more thorough search of the defendant's phone revealed at least 400 images of apparent CSAM, including some that were screen-recorded during a live video chat. Agents also found numerous text messages in WhatsApp discussing sexual abuse of children in the Philippines.

Specifically, police found messages between Nelson and a purported

mother in the Philippines and accompanying MoneyGram payments of more than $6,000. From those messages, it is clear that the defendant arranged to travel to the Philippines in August 2023 for the purpose of having sex with children. Ultimately, it appears the defendant may have been defrauded, since the mother and child never showed up to the prearranged meeting place in the Philippines.

The 400 images and videos of CSAM on the defendant's phone included 25 known series victims across 46 different CSAM series. Law enforcement also located numerous children victimized by the defendant, including 11 children in Thailand who were depicted in videos and pictures on the defendant's phone. Agents also found an Instagram chat between the defendant and an 11-year-old in the United States. The defendant offered the victim $50 to perform sexual acts, which the victim then performed.

In January 2025, police learned that the defendant had purchased an airline ticket to the travel to the Philippines. After agents arrested the defendant and seized his phone and computer, they found online chats with a suspected minor living in the Philippines in which the defendant discussed various sexual acts and his plans to see her in January 2025.

## ARGUMENT

The defendant's conduct merits a 300-month sentence. The defendant produced CSAM and personally victimized numerous children. Although the

government cannot prove the defendant's commission of a hands-on offense, his conduct and text messages leave no doubt as to his intent. The defendant traveled to the Philippines and paid someone thousands of dollars to have sex with her daughter. The defendant communicated directly with a minor and paid that victim to create CSAM for his enjoyment. He possessed hundreds of images and videos containing CSAM. The defendant took advantage of vulnerable victims and inflicted grievous injury upon them that may never fully heal.

After police seized his phone in 2023, the defendant continued communicating with someone he believed to be a minor and purchased a plane ticket to travel to the Philippines for sex. He continued sending money to someone he believed was a mother in the Philippines whose daughter he sought to abuse. The defendant is not simply a passive consumer of CSAM—he produced it himself and undertook significant efforts to have sex with children.

The defendant's lack of criminal history is neither surprising nor unusual among sex offenders like the defendant. The Federal Sentencing Guidelines appropriately account for the defendant's criminal history, and the absence of prior convictions is not an appropriate basis for a downward variance. The severity of the defendant's conduct is so great that,

notwithstanding the absence of prior criminal history, the guidelines term of imprisonment is still 360 months.

Although section 3553(a) instructs the Court to consider deterrence and promoting respect for the law, it is unlikely that the defendant can be deterred from engaging in the same or similar conduct in the future. The defendant's continued payments to the purported mother in the Philippines and his purchase of a plane ticket in January 2025 to travel to the Philippines, even after he knew he was caught, demonstrate the extent of the defendant's desire to sexually abuse children.

Instead, the Court should focus on the need to protect the public from the defendant's future crimes. The defendant repeatedly went to great lengths to sexually abuse children, paid a minor directly to produce CSAM, and accumulated a collection of hundreds of images and videos containing CSAM. Restricting his access to children should be the Court's primary concern, which a sentence of 300 months would appropriately address.

A sentence of 300 months' imprisonment is also consistent with the sentences of other similarly situated defendants. For the 241 defendants convicted of the same offense with the same final offense level and criminal history, the median length of imprisonment imposed was 300 months.

## CONCLUSION

The defendant poses an enormous risk to public safety. He produced

CSAM, and collected CSAM, and engaged in repeated efforts to sexually abuse children. These efforts continued even after the defendant was caught. The Court should impose a sentence of 300 months' imprisonment.

Dated: June 10, 2026

Respectfully submitted,

DANIEL N. ROSEN
United States Attorney

*s/Raphael B. Coburn*

BY: RAPHAEL B. COBURN
Assistant U.S. Attorney